Douglas F. Broder (DB 8406)
Elizabeth M. Harris (EH 4368)
K&L Gates LLP
599 Lexington Avenue
New York, New York 10022
Telephone: 212.536.3900
Facsimile: 212.536.3901





**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

GUESS?, INC., a Delaware corporation,

                Plaintiff,

    vs.

1385 BROADWAY COMPANY, a New York Partnership; HELMSLEY-NOYES COMPANY LLC, a New York limited liability company; HELMSLEY-SPEAR, INC., a New York corporation; THE CHETRIT GROUP LLC, a New York limited liability company; and DOES 1 through 20, inclusive,

                Defendants.

---------------------------------------------------------------- x

Index No. _____

Judge: _____

**COMPLAINT AND DEMAND**
**FOR JURY TRIAL**

      Plaintiff, GUESS?, INC., brings this action against: 1385 BROADWAY COMPANY, a New York Partnership; HELMSLEY-NOYES COMPANY LLC, a New York limited liability company; HELMSLEY-SPEAR, INC., a New York corporation; THE CHETRIT GROUP LLC, a New York limited liability company; and DOES 1 through 20, inclusive. Guess?, Inc. avers as follows.

## THE PARTIES

    1.    GUESS?, INC. ("Guess?" or "Plaintiff"), is a Delaware corporation headquartered in Los Angeles, California. Guess? is the plaintiff in this action.

2. 1385 Broadway Company ("1385 Broadway"), is a New York partnership headquartered in New York. 1385 Broadway is a defendant in this action. Plaintiff is informed and believes and on that basis alleges that 1385 Broadway's principal place of business is in New York.

3. HELMSLEY-NOYES COMPANY LLC ("Helmsley-Noyes") is a New York limited liability company headquartered in New York. Helmsley-Noyes is a defendant in this action. Plaintiff is informed and believes and on that basis alleges that Helmsley-Noyes' principal place of business is in New York.

4. HELMSLEY-SPEAR, INC. ("Helmsley-Spear") is a New York corporation headquartered in New York. Helmsley-Spear is a defendant in this action. Plaintiff is informed and believes and on that basis alleges that Helmsley-Spear's principal place of business is in New York.

5. THE CHETRIT GROUP LLC ("Chetrit") is a New York limited liability company headquartered in New York. Chetrit is a defendant in this action. Plaintiff is informed and believes and on that basis alleges that Chetrit's principal place of business is in New York.

6. 1385 Broadway, Helmsley-Noyes, Helmsley-Spear, and Chetrit are sometimes referred to in this complaint as "Defendants."

## JURISDICTION AND VENUE

7. Complete diversity of citizenship exists under 28 U.S.C. §1332. Each of the Defendants is a citizen of the state of New York, and the Plaintiff is not a citizen of the state of New York.

8. Each of the Defendants is properly within the jurisdiction of the Southern District of New York because each of the Defendants is a citizen of the state of New York and has its principal place of business within the state of New York.

9.  As reflected in paragraphs 16 - 41 below, the amount in controversy exceeds $75,000.00 in monetary damages.

10. Guess? and the Defendants negotiated and signed three leases (the "Leases") for space in the building located at 1385 Broadway, New York, New York.

11. Each of the Defendants conducts substantial business in the Southern District of New York.

12. In this complaint, Guess? seeks the return of security deposits that belong to Guess?, which Guess? delivered to the Defendants at the inception of each of the Leases that form the basis of this complaint.

13. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a).

## CENTRAL ALLEGATIONS OF WRONGDOING

14. Plaintiff is unaware of the true names and capacities of the defendants sued herein under the fictitious names DOE 1 - DOE 20, inclusive. Plaintiff will seek leave to amend to state the true names and capacities of such defendants when such information is ascertained.

15. Plaintiff is informed and believes and on that basis alleges that at all times material herein, each of the defendants was the agent, employee, and/or representative of each of the remaining defendants, and, in doing the things alleged herein, was acting within the scope of such agency, employment, or representation.

**A.  The Defendants Failed to Return Guess?'s Security Deposit Under the Terms of the Lease for the 22nd Floor, Entered Into on or About November 11, 1986, as Amended, on or About July 25, 2000.**

16. Guess? entered into a written lease with the Defendants for certain premises located in the building located at 1385 Broadway, New York, New York, on or about November

11, 1986. That lease is sometimes referred to in this complaint as the "22nd Floor Lease." A true and correct copy of the 22nd Floor Lease is attached hereto as **Exhibit "A."**

17. The 22nd Floor Lease commenced on March 1, 1987, and was originally set to expire on February 28, 2007. By written amendment on or about July 25, 2000, the term of the 22nd Floor Lease was extended to November 29, 2007.

18. Pursuant to the 22nd Floor Lease, Guess? delivered a security deposit in the amount of $30,000 to the Defendants.

19. Pursuant to the 22nd Floor Lease, the Defendants were to return the entire $30,000 deposit to Guess? at end of the lease term.

20. Guess? performed all of its obligations under the 22nd Floor Lease.

21. Guess? vacated the premises leased under the 22nd Floor Lease on or before November 29, 2007.

22. Guess? timely requested return of the $30,000 deposit, but the Defendants have failed and/or refused to return any portion of the $30,000 deposit.

23. Guess? is entitled to the entire $30,000, plus accrued interest on the principal sum.

**B.    The Defendants Failed to Return Guess?'s Security Deposit Under the Terms of the Lease for the 23rd Floor, Entered Into on or About March 7, 1989.**

24. Guess? entered into a written lease with the Defendants for certain premises located in the building located at 1385 Broadway, New York, New York, on or about March 7, 1989. That lease is sometimes referred to in this complaint as the "23rd Floor Lease." A true and correct copy of the 23rd Floor Lease is attached hereto as **Exhibit "B."**

25. The 23rd Floor Lease was for a term of 18 years, terminating on February 28, 2007. The 23rd Floor Lease was subsequently amended such that it terminated on November 29, 2007.

26. Pursuant to the 23rd Floor Lease, Guess? delivered a security deposit in the amount of $30,000 to the Defendants.

27. Pursuant to the 23rd Floor Lease, the Defendants were to hold the security deposit in an interest bearing account.

28. Pursuant to the 23rd Floor Lease, the Defendants were to return the entire $30,000 deposit, together with accrued interest, to Guess? at end of the lease term.

29. Guess? performed all of its obligations under the 23rd Floor Lease.

30. Guess? vacated the premises leased under the 23rd Floor Lease prior to November 29, 2007.

31. Guess? timely requested return of the $30,000 deposit plus all accrued interest, but the Defendants have failed and/or refused to return any portion of the $30,000 deposit.

32. Guess? is entitled to the entire $30,000, plus accrued interest on the principal sum.

**C.   The Defendants Failed to Return Guess?'s Security Deposit Under the Terms of the Lease for the 10th Floor, Entered Into on or About September 18, 2000.**

33. Guess? entered into a written lease with the Defendants for certain premises located in the building located at 1385 Broadway, New York, New York, on or about September 18, 2000. That lease is sometimes referred to in this complaint as the "10th Floor Lease." A true and correct copy of the 10th Floor Lease is attached hereto as **Exhibit "C."**

34. The 10th Floor Lease was for a term of seven years, two months, terminating on November 29, 2007.

35. Pursuant to the 10th Floor Lease, Guess? delivered a security deposit in the amount of $19,205 to the Defendants.

36. Pursuant to the 10th Floor Lease, the Defendants were to hold the security deposit in an interest bearing account.

37. Pursuant to the 10th Floor Lease, the Defendants were to return the entire $19,205 deposit, together with accrued interest, to Guess? at end of the lease term.

38. Guess? performed all of its obligations under the 10th Floor Lease.

39. Guess? vacated the premises leased under the 10th Floor Lease prior to November 29, 2007.

40. Guess? timely requested return of the $19,205 deposit plus all accrued interest, but the Defendants have failed and/or refused to return any portion of the $19,205 deposit.

41. Guess? is entitled to the entire $19,205, plus accrued interest on the principal sum.

### D. Defendants' Refusal to Return Plaintiff's Deposits and Accrued Interest is Fraudulent, Oppressive and Malicious.

42. Plaintiff is informed and believes and on that basis alleges that the Defendants willfully violated NY Gen. Oblig. Law § 7-103 by, among other things, failing to place Guess?'s funds in segregated bank accounts, failing to account to Guess? for interest earned on Guess?'s funds, failing to notify Guess? and other similarly situated tenants of the name and address of the financial institution holding such funds, failing to maintain those funds in a banking institution within the state of New York, and failing to fulfill their obligations as trustees of such funds, which they held and continue to hold solely for the benefit of Guess?, the Plaintiff in this action.

43. By failing to abide by the clear mandates of NY Gen. Oblig. Law § 7-103, the Defendants, and each of them, acted recklessly and/or with wanton disregard for the adverse consequences of their actions on Guess?, for whose benefit they held such funds in trust.

44. By failing to abide by the clear mandates of NY Gen. Oblig. Law § 7-103, and by refusing to return the Plaintiff's deposit monies and interest, the Defendants acted maliciously, oppressively and fraudulently.

45.     The Defendants knew they owed Plaintiff the deposit monies and interest, but refused to return those funds to Plaintiff without any legitimate reason and without good cause.

46.     Plaintiff is informed and believes and on that basis alleges that the Defendants' refusal to return to Plaintiff the deposit monies and interest was deliberate and willful, that the Defendants believed they owed those funds to the Plaintiff, and that the Defendants refused to pay those funds to the Plaintiff out of ill will, spite, and/or bad faith, intending by such refusal to cause harm to the Plaintiff.

47.     Plaintiff Guess? has been damaged by the Defendants' refusal to return the deposit monies and accrued interest to Plaintiff. The damages suffered by Plaintiff include: (a) $79,205 principal amount of security deposits set forth in Exhibits A, B, and C; (b) accrued interest on the security deposits as set forth in Exhibits A, B, and C; and (c) prejudgment interest on the security deposits.

48.     In addition, Plaintiff is entitled to reimbursement of its costs and attorneys' fees pursuant to the terms of Exhibits A, B, and C.

49.     In addition, Plaintiff is entitled to punitive damages for Defendants' malicious, oppressive and fraudulent refusal to return deposit monies and accrued interest reimbursement of its costs and attorneys' fees pursuant to the terms of Exhibits A, B, and C.

## FIRST CLAIM FOR RELIEF FOR BREACH OF CONTRACT
### (Against all Defendants)

50.     Guess? realleges and incorporates the averments of paragraphs 1- 49 of this complaint as though set forth in full in this paragraph.

51.     The Defendants, and each of them, agreed to return the entire deposit of $30,000, plus accrued interest on that sum, to Guess? at the termination of the 22nd Floor Lease.

52. The Defendants refused to return the funds to Guess?, in breach of the agreement embodied in Exhibit A.

53. Guess? has suffered damages from the Defendants' breach. Those damages include the loss of the principal amount of $30,000 and loss of interest due and owing to Guess? pursuant to the terms and provisions of Exhibit A.

54. Guess? is also entitled to recover its reasonable attorneys' fees and costs of enforcing its rights pursuant to the terms and provisions of Exhibit A.

55. The Defendants, and each of them, agreed to return the entire deposit of $30,000, plus accrued interest on that sum, to Guess? at the termination of the 23rd Floor Lease.

56. The Defendants refused to return the funds to Guess?, in breach of the agreement embodied in Exhibit B.

57. Guess? has suffered damages from the Defendants' breach. Those damages include the loss of the principal amount of $30,000 and loss of interest due and owing to Guess? pursuant to the terms and provisions of Exhibit B.

58. Guess? is also entitled to recover its reasonable attorneys' fees and costs of enforcing its rights pursuant to the terms and provisions of Exhibit B.

59. The Defendants, and each of them, agreed to return the entire deposit of $19,205, plus accrued interest on that sum, to Guess? at the termination of the 10th Floor Lease.

60. The Defendants refused to return the funds to Guess?, in breach of the agreement embodied in Exhibit C.

61. Guess? has suffered damages from the Defendants' breach. Those damages include the loss of the principal amount of $19,205 and loss of interest due and owing to Guess? pursuant to the terms and provisions of Exhibit C.

62. Guess? is also entitled to recover its reasonable attorneys' fees and costs of enforcing its rights pursuant to the terms and provisions of Exhibit C.

## SECOND CLAIM FOR RELIEF FOR MONEY HAD AND RECEIVED
### (Against all Defendants)

63. Guess? realleges and incorporates the averments of paragraphs 1- 62 of this complaint as though set forth in full in this paragraph.

64. The Defendants, and each of them, became indebted to Guess? for money Guess? had entrusted to the Defendants, namely the security deposits for each of the 22nd Floor Lease, 23rd Floor Lease, and 10th Floor Lease.

65. Guess? has demanded that the Defendants pay to Guess? the monies by which the Defendants, and each of them, have been unjustly enriched.

66. The Defendants have failed and refused, and continue to fail and refuse, to make any payment to Guess? towards those amounts.

67. As a proximate result of the Defendants' wrongfully holding and failing to repay Guess?'s money, Guess? has losses in excess of $79,205 plus accrued interest, which will be subject to proof at trial.

## THIRD CLAIM FOR RELIEF FOR CONVERSION
### (Against all Defendants)

68. Guess? realleges and incorporates the averments of paragraphs 1- 67 of this complaint as though set forth in full in this paragraph.

69. The security deposits Guess? delivered to the Defendants belong to Guess? and not to the Defendants.

70. Plaintiff is informed and believes and on that basis alleges that the Defendants have not kept those security deposits segregated from their own assets, but instead have converted those security deposits to their own use.

71. The Defendants, and each of them, maliciously and fraudulently have refused to account for the security deposits Guess? entrusted to them, and have refused to deliver in excess of $79,205 of Guess?'s funds, plus accrued interest on those funds, to Guess?.

72. The Defendants took for themselves the security deposits held in trust for Guess? without informing Guess? of their proposed withdrawal of such funds. The Defendants converted such funds to their own use without the prior agreement of Guess?.

73. By committing the foregoing acts, the Defendants, and each of them, have wrongfully exercised dominion over property belonging to Guess?.

74. As a direct and proximate result of Defendants' actions, Guess? has suffered monetary damages in an amount that is not presently known but is in excess of $79,205 plus accrued interest. Plaintiff may seek leave of Court to amend this Complaint when those monetary damages are more readily calculable and ascertainable.

75. Furthermore, the Defendants, and each of them, acted in a fraudulent, oppressive and malicious manner. Plaintiff is informed and believes and on that basis alleges that the Defendants acted with conscious and/or reckless disregard of the rights and interests of Guess?. Accordingly, Guess? is entitled to recover punitive damages from the Defendants, and each of them, in an amount to be assessed at trial.

## FOURTH CLAIM FOR RELIEF FOR BREACH OF FIDUCIARY DUTY
**(Against all Defendants)**

76. Guess? realleges and incorporates the averments of paragraphs 1- 75 of this complaint as though set forth in full in this paragraph.

77. By accepting custody of Guess?'s security deposits, the Defendants, and each of them, became trustees of those funds. Guess? is the sole beneficiary of the trusts those security deposits represent.

78. The Defendants, and each of them, owe Guess? fiduciary duties, including the duty to keep those security deposits separate from all other assets owned by the Defendants, the duty to account to Guess? for interest earned on Guess?'s funds, the duty to notify Guess? of the name and address of the financial institution holding such funds, the duty to maintain those funds in a banking institution within the state of New York, and other duties set forth or implied by NY Gen. Oblig. Law § 7-103.

79. The Defendants, and each of them, breached the fiduciary duties they owed to Guess? by, among other things, failing to keep those security deposits separate from all other assets owned by the Defendants, failing to account to Guess? for interest earned on Guess?'s funds, failing to notify Guess? and other similarly situated tenants of the name and address of the financial institution holding such funds, failing to maintain those funds in a banking institution within the state of New York, and by violating other duties set forth or implied by NY Gen. Oblig. Law § 7-103.

80. Guess? has suffered damages, proximately caused by the Defendants' breaches of the fiduciary duties they owe to Guess?, in excess of $79,205 plus accrued interest on that principal amount.

81. The Defendants, and each of them, has acted with malice, oppression and fraud, and/or with recklessness or wanton disregard of the consequences of their actions, sufficient to

warrant an award of punitive damages against each of them in amounts sufficient to punish each of them and to deter such conduct in the future.

## PRAYER FOR RELIEF AND JUDGMENT

**WHEREFORE**, Plaintiff Guess?, Inc. prays for judgment as follows:

82. Monetary judgment for $79,205 for the wrongfully retained security deposits on the 22nd Floor Lease ($30,000), the 23rd Floor Lease ($30,000), and the 10th Floor Lease ($19,205).

83. Monetary judgment for all accrued interest on the wrongfully retained security deposits.

84. Prejudgment interest at the maximum allowable statutory rate on the wrongfully retained security deposits and accrued interest thereon.

85. Attorneys' fees and costs of suit.

86. Exemplary or punitive damages in an amount not less than $150,000.

87. Such other and further relief as this Court deems just and proper, including amendments to conform to proof on the exact amounts due and payable and owed pursuant to this Prayer for Relief and Judgment.

## DEMAND FOR JURY TRIAL

Guess? hereby demands a jury trial in this action as to all issues and claims for which it has the right to a trial by jury.

Dated: New York, New York
September 24, 2008

K&L Gates LLP

By: _____
Douglas P. Broder (DB 8406)
Elizabeth M. Harris (EH 4368)
599 Lexington Avenue
New York, New York 10022

Telephone: 212-536-3900

**BAUTE & TIDUS LLP**
Mark D. Baute (Calif. #127329)
777 South Figueroa Street, Suite 4900
Los Angeles, California 90017
Telephone: (213) 630-5000
Facsimile: (213) 683-1225
Email: mbaute@bautelaw.com

**Attorneys for Plaintiff Guess?, Inc.**